IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH RAY,                          :
                                     :
            Petitioner,              :
                                     :
      v.                             :          No. 4:CV-07-2265
                                     :
SUPERINTENDENT OF                    :          (Judge McClure)
SCI - HUNTINGDON, et al.,            :
                                     :
            Defendants.              :

**M E M O R A N D U M**

June 26, 2008

**BACKGROUND:**

On April 16, 2007, petitioner Joseph Ray, pro se, filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2254.  On May 24, 2004, Ray was convicted in

the Chester County Court of Common Pleas in Pennsylvania on four counts of

robbery and four counts of possession of an instrument of crime and received a

sentence of ten to twenty years.  On September 19, 2005, the Pennsylvania

Superior Court denied Ray's appeal.   On December 28, 2005, the Pennsylvania

Supreme Court affirmed the Superior Court's denial.  Ray did not file a petition for

writ of certiorari with the United States Supreme Court.

Ray also pursued a collateral appeal pursuant to the Pennsylvania Post

1

Conviction Relief Act ("PCRA").  On August 16, 2006, the Chester County Court

of Common Pleas dismissed Ray's petition.  On April 13, 2007, the Superior Court

affirmed the dismissal.  Ray did not pursue an appeal with the Pennsylvania

Supreme Court.

In his petition, Ray raises several claims of ineffective assistance of counsel

as well as a claim that the stop of his vehicle violated the Fourth Amendment.

(Rec. Doc. No. 1.)  On December 18, 2007, we directed Ray to file a Notice of

Election.  (Rec. Doc. No. 4.)  On January 15, 2008, Ray filed his election to have

the court rule on his petition as filed.  (Rec. Doc. No. 5.)

On January 16, 2008, we ordered service of the petition on the government.

(Rec. Doc. No. 6.)  On February 19, 2008, the government filed its response.  (Rec.

Doc. No. 7.)  On April 28, 2008, petitioner filed his traverse.  (Rec. Doc. No. 10.)

For the following reasons, we will deny the petition.


**DISCUSSION:**

## I.  Legal Standard

The court may "entertain an application for a writ of habeas corpus in behalf

of a person in custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely

filed under the stringent standards set forth in the Anti-Terrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr.

24, 1996).  28 U.S.C. § 2244(d)(1).  Additionally, we may only reach the merits of

a petitioner's federal claims if each claim in his petition (1) has been exhausted in

the state courts, and (2) is not procedurally defaulted.  28 U.S.C. § 2254(b)(1)(A);

Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Slutzker v. Johnson, 393

F.3d 373, 379-81 (3d Cir. 2004).  Exhaustion is required because it gives the state

the "opportunity to pass upon and correct alleged violations of its prisoners'

federal rights."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v.

Henry, 513 U.S. 364, 365 (1995) (internal quotations and additional citations

omitted).  In order to provide the state with the opportunity to address the

prisoner's federal claims, a state prisoner must fairly present his claim in each

appropriate state court (including a state supreme court with powers of

discretionary review), thereby alerting that court to the federal nature of the claim.

Id. (citing Duncan, 513 U.S. at 365-66.)

## II.  Relevant Facts

During 2002, there were a number of similar armed robberies that took place

in southern Chester County, Pennsylvania and northern Delaware, which included

a Wawa convenience store and a Burger King restaurant.  Soon after, a confidential

informant who knew petitioner contacted law enforcement concerning statements

made by petitioner at a McDonald's restaurant that she overheard.   Specifically,

the confidential informant stated that she had heard petitioner bragging to another

individual about having committed the recent armed robberies at Wawa and Burger

King and also stated that it would be easy to rob the McDonald's.  Petitioner then

attempted to walk behind the restaurant counter but was rebuffed by an employee.

The informant also informed law enforcement that he drove a maroon Crown

Victoria from the 1980s.

A Pennsylvania State Police trooper went to the McDonald's and verified

from an employee that petitioner had in fact attempted to walk behind the counter

but was stopped by an employee.  Because petitioner matched the description of

the perpetrator of the other robberies and because of his actions at the McDonald's,

a surveillance detail was organized for that night to watch the McDonald's.

At approximately 9 p.m. that evening, an armed robbery took place at a local

market.  The description of the perpetrator matched the description from the

previous robberies.  A patrol unit was dispatched to petitioner's residence but

petitioner was not there.  An hour later, an armed robbery took place at another

local market and the description of the perpetrator once again matched the

4

description from the previous robberies.  State police trooper Charles Cusanno

went to petitioner's residence and confirmed that he was not there.  Cussano then

went to an area known for drug transactions, suspecting that petitioner may be

attempting to spend the proceeds from the robberies.  As he approached the area,

Cussano observed petitioner in his maroon Crown Victoria driving in the opposite

direction.  Cussano turned around and activated his siren and lights.  Petitioner

soon pulled over and while approaching, police observed numerous bills of small

domination strewn on the front seat as well as gloves and a black pullover shirt.

Petitioner was placed under arrest.  At the police station, petitioner made

incriminating statements against himself regarding the robberies.

Following a non-jury trial, petitioner was then found guilty of four counts of

robbery and four counts of possessing an instrument of a crime.  He was sentenced

to a term of imprisonment of ten to twenty years.

### III.  Petitioner's Claims

In the petition, petitioner raises various claims of ineffective assistance of

counsel.  Specifically, he argues the following eight instances of ineffective

assistance of counsel:

> (a)    Failure to Investigate and Interview Exculpatory
>        witnesses.
> (b)    Failure to Raise an Alibi Defense when witnesses
>        were made known to counsel and were available to

testify.

(©) Failure to investigate and develop evidence that did exist showing that Petitioner suffers from an unstable phychological [sic] problem, that has at time resulted in addictions.

(d) Failure to argue the weight of the evidence was not sufficient to sustain the convictions in this case. (The convictions were based on hearsay.)

(e) Trial counsel was ineffective for not raising the violation of the Rule 600 Pa. R. Cr. P. Speedy Trial Rule.

(f) Trial Counsel was ineffective for not raising the Federal right to a speedy trial, <u>Barker v. Wingo</u>, 407 U.S. 514 (1972).  Speedy Trial Right (6th Amend.)

(g) Trial Counsel and direct appeal counsel failed to raise sufficiency of the evidence and to preserve said argument after conviction in Post Sentence stage and on direct appeal stage.

(h) Trial Counsel Arriaga who was appointed as trial counsel was not available to argue the **ILLEGAL STOP** and without any advance notice, made arrangements for a **fill in** lawyer, Ms. Thompson, Esq., who was not even prepared to argue this issue, did not have the facts of the case as it applied to the <u>ILLEGAL STOP</u>, to argue in place of Ms. Arriaga, Esq. (trial counsel).  Ms. Arriaga, Esq. stated it was an emergency family matter that prevented her from being available to argue the suppression hearing and Ms. Thompson was completely unprepared and clueless as to the facts of the **STOP**.  **Point:** When Petitioners's [sic] vehicle was stopped by Tpr. Cushanno—> **there was no search warrant nor was one ever requested by police.  THIS WAS AN ILLEGAL STOP.**  Trial counsel who was not available to argue this issue should have asked for a continued

hearing date rather than have a clueless, substitute fill in.

(Rec. Doc. No. 1, at 3-4) (spelling, capitalization, emphasis, and punctuation in original).  Petitioner's second claim is that "the propriety of the stop of the vehicle was such that it violated the U.S. Constitution, 4th Amend. Right of Petitioner." (Id. at 5.)

A.  Ineffective Assistance of Counsel Claims

As a preliminary matter, we note that these claims have been exhausted and have not been procedurally defaulted.  Petitioner raised each of these instances of alleged ineffective assistance of counsel in his collateral appeal pursuant to PCRA in both the Court of Common Pleas and the Superior Court.  Although petitioner did not appeal the Superior Court's denial of his petition, he was not required to file one pursuant to Order 218 of the Pennsylvania Supreme Court, which provides that "in all appeals from criminal convictions . . . a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error."  In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 (Pa. May 9, 2000) (cited in Villot v. Varner, 373 F.3d 327, 331 (3rd Cir. 2004)).

In order to establish a claim of ineffective assistance of counsel, defendant must establish two different components.  First, petitioner must establish that counsel's performance was deficient.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  This component is satisfied by showing that counsel's performance fell below an objective standard of reasonableness.  <u>Id</u>. at 687-88.  Second, defendant must show that this deficient performance prejudiced the outcome.  <u>Id</u>. at 687. This component is satisfied upon a showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would been different.  <u>Id</u>. at 694.  Moreover, judicial scrutiny of counsel's performance must be highly deferential.  <u>Id</u>. at 689.

Petitioner's first claim of ineffective assistance of counsel is that defense counsel was ineffective for failing to investigate and interview exculpatory witnesses.  (Rec. Doc. No. 1, at 3.)  In his PCRA petition, he alleges that more than twenty witnesses would have been able to testify that the stop of his vehicle by police was not precipitated by any violation of the vehicle code.  (Rec. Doc. No. 7- 12, at 14.)  Yet, aside from his conclusory statement that there are more than twenty exculpatory witnesses, he fails to specifically identify any such witness or state to what the witness would be able to testify.  More importantly, considering that the stop of the vehicle was not justified by a violation of the vehicle code, but

rather the reasonable suspicion that petitioner had been involved in various robberies, there would be no purpose served by a witness testifying that the stop was not precipitated by a violation of the vehicle code.  Therefore, we find that this claim fails.

Petitioner's second ineffectiveness claim is that defense counsel was ineffective for failure to raise an alibi defense.  (Rec. Doc. No. 1, at 3.)  He asserts that he provided the name of an alibi witness to counsel and that counsel never interviewed or called this witness.  (Rec. Doc. No. 7-12, at 18.)  He further asserts that this witness, if called, would testify that petitioner was with the witness picking golf balls at the time the confidential informant allegedly overheard the petitioner's incriminating conversation.  (Id., at 22.)  We believe this claim fails for the simple reason that even if such a witness does exist, it is not as though this is an alibi witness concerning petitioner's presence during the time period each of the four robberies he was convicted of committing.  At most, this witness could have contributed evidence during a suppression hearing.  Even assuming in arguendo that petitioner could produce such a witness, we do not believe this would negate the reasonable suspicion to stop petitioner's vehicle.  Therefore, we will reject this claim of ineffective assistance of counsel.

Petitioner's third claim of ineffective assistance of counsel is that counsel

failed to investigate and develop evidence concerning his "unstable psychological problem, that has at times resulted in addictions." (Rec. Doc. No. 1, at 3.)  Yet, any addiction petitioner may have had would not abrogate his responsibility for the four robberies.  Therefore, we find that counsel was not ineffective for failing to investigate petitioner's alleged psychological problems and will reject this claim.

Petitioner's fourth claim of ineffective assistance of counsel is that his counsel failed to argue that the weight of the evidence was insufficient to sustain his convictions. (Rec. Doc. No. 1, at 3.)  Specifically, he states that "the evidence in this instant case was double hearsay of an informant." (Rec. Doc. No. 7-12, at 19.)  Of course, petitioner actually appears to be referring to the evidence that was used to establish reasonable suspicion for the vehicle stop, as opposed to the evidence utilized to obtain petitioner's conviction.  In the latter respect, the primary evidence appears to be the fact that petitioner was stopped shortly after a robbery occurred with money, a gun, gloves, a nylon stocking, and shirt consistent with those used during the robberies.  Furthermore, he matched the description of the robber and made incriminating statements after he was arrested.  Therefore, there is clearly ample evidence to sustain the conviction and defense counsel was not ineffective for failing to argue sufficiency of the evidence.  To the extent this argument could be construed as alleging that counsel failed to effectively argue

that the vehicle stop was illegal, this argument was thoroughly pursued in a motion to suppress that was rejected at all stages of petitioner's trial and direct appeal. Therefore, we will reject petitioner's fourth claim of ineffective assistance of counsel.

Petitioner's fifth claim of ineffective assistance of counsel is that counsel was ineffective for not raising a violation of Pennsylvania's Speedy Trial statute. (Rec. Doc. No. 1, at 3.)  Specifically, he cites Rule 600 of the Pennsylvania Rules of Criminal Procedure, which requires that a trial occur not later than 180 days from the date on which the complaint is filed if the defendant is not free on bail. Yet, continuances granted at a defendant or defense counsel's request are excluded from this computation.  Pa. R. Crim. Pro. 600(C)(3)(a).  Similarly, judicial delay is a justifiable basis for an extension of time if the government is ready to proceed. Commonwealth v. Hunt, 858 A.2d 1234, 1241 (Pa. Super. Ct. 2004) (citation omitted).  Furthermore, we note that "[s]o long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime." Commonwealth v. Selenski, 919 A.2d 229, 232 (Pa. Super. 2007) (quoting Commonwealth v. Jones, 886 A.2d 689, 699 (Pa. Super. 2005)).  Further, Pennsylvania's speedy trial rule "may not be applied

'to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.'" Id. at 232 (quoting Jones, 886 A.2d at 699).

Although it is not clear from the docket when the complaint was filed, we note that petitioner was arrested on September 7, 2002.  His trial occurred on May 27, 2004.  Yet, we note that petitioner requested continuances beginning on August 26, 2003 until his trial occurred in May of 2004, which exclude this time period from a computation under Rule 600(C)(3)(a).  Therefore, even if we assume that the period of time until his request for a continuance in August of 2003 is not excludable, this time amounts to less than 365 days.  Rule 600(E) states that any defendant held in pre-trial incarceration for a period exceeding 180 days (not including excludable time) is entitled to immediate release on nominal bail.  Rule 600(G) states that a defendant may move for an order dismissing the charges with prejudice after 365 days.  Even if we assume that defendant was incarcerated for more than 180 days without requesting a continuance and that counsel was ineffective for failing to argue this to the court, the most prejudice he would have experienced is that he was not released on nominal bail.  In other words, only if the time period exceeded 365 days could the result of the proceeding potentially have been different.

Furthermore, we note that petitioner raised this argument in his PCRA

petition.  (Rec. Doc. No. 7-12, at 20.)  Counsel was appointed and then filed a "no

merit letter" and a petition to withdraw from representation.  In the letter, counsel

noted that "[a] review of the docket entries in this case shows that every time your

case was continued, it was done so either at the request of you, your counsel or was

continued by the Court for some reason other than the Commonwealth being

unprepared to proceed at trial."  (Rec. Doc. No. 7-12, at 29.)  On June 20, 2006, the

Chester County Court of Common Pleas dismissed the PCRA petition, implicitly

adopting the reasoning set out in counsel's letter and concluding that petitioner was

not entitled to relief.  (<u>Id.</u> at 30-31, 34-35.)  On April 13, 2007, the Superior Court

affirmed.  (Rec. Doc. No. 7-7.)  In other words, both the trial court and the

Superior Court concluded that no Rule 600 violation occurred, which is sufficient

for us to reject petitioner's claim of ineffectiveness based on defense counsel's

failure to argue a Rule 600 violation.  <u>See</u> <u>Kim v. Klem</u>, Civ. No. 03-1628, 2003

WL 22204549 at *11 (E.D.Pa. July 31, 2003) (Welsh, M.J.).  In <u>Kim</u>, a federal

district court considering a § 2254 petition ruled on a similar issue concerning a

petitioner's claim that counsel was ineffective for failure to argue that the

petitioner's Rule 600 speedy trial rights were violated.  <u>Id.</u>  The district court

concluded that the Superior Court had already ruled on the petitioner's PCRA

petition that there was no Rule 600 violation.  <u>Id.</u>  The district court therefore

rejected the claim, stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).  Therefore, we will reject this claim.

Petitioner's sixth argument is that trial counsel was ineffective by not asserting a violation of his Sixth Amendment right to a speedy trial.  (Rec. Doc. No. 1, at 4.)  In support, he cites Barker v. Wingo, 407 U.S. 514 (1972).  In Barker, however, the Supreme Court held that the exact length of time relevant to speedy trial calculations is "impossible to determine with precision."  Id. at 521. "It is consistent with delays and depends upon circumstances." Id.  It must also be balanced with "the societal interest in trying people accused of crime, rather than granting them immunization because of legal error." Id. (citing U.S. v. Ewell, 383 U.S. 116, 121 (1966) (internal quotations omitted)).  The Supreme Court articulated a specific test to determine whether a defendant's speedy trial rights were violated: length of delay, reason for delay, the defendant's assertion of his right, and prejudice to the defendant. Id. at 522.  For the same reasons given with respect to petitioner's fifth claim, we find that counsel was not ineffective for failing to raise this argument.  Therefore, we find that petitioner's sixth ineffectiveness of counsel claim fails.

Petitioner's seventh claim is that trial counsel and appellate counsel were

ineffective by failing to raise sufficiency of the evidence and to preserve this

argument on appeal.  (Rec. Doc. No. 1, at 4.)  This argument is substantially

similar to petitioner's fourth claim, and we will reject it for the reasons we have

already stated.

Petitioner's eighth claim is that trial counsel was ineffective for failing to

argue that the stop of the vehicle violated petitioner's Fourth Amendment rights.

(Rec. Doc. No. 1, at 4.)  Specifically, he argues that his trial counsel, Ms. Arriaga,

was not present on the day his suppression motion was argued.  (Id.)  Rather, a fill-

in lawyer, Ms. Thompson, argued the motion and she was "completely unprepared

and clueless as to the facts" of the stop.  (Id.)  He further states that "[t]rial counsel

who was not available to argue this issue should have asked for a continued

hearing date rather than have a clueless, substitute fill in."  (Id.)

We have reviewed the transcripts and note that petitioner is correct that a

substitute attorney from the public defender's office represented petitioner for his

suppression motion.  (Rec. Doc. No. 7-17, at 4-11.)  Although petitioner objected

to this representation, he was given an opportunity to request that the hearing be

postponed until Ms. Arriaga was available.  (Id.)  Yet, he was unwilling to do so

because he did not want to waive the period of time for the purposes of his speedy

trial rights under Rule 600.  (Id.)  Thus, petitioner could have had Ms. Arriaga

represent him at the hearing but he was unwilling to request a continuance.  In

other words, he wanted to have his cake and eat it too because he wanted his

counsel to be prepared yet he did not want a continuance in order to allow that to

happen.

Furthermore, as for the merits of petitioner's argument, he points to no

specific example of ineffectiveness with respect to the vehicle stop.  Petitioner's

main point of contention appears to be the fact that the stop was effected without

either a search or arrest warrant.  (Rec. Doc. No. 1, at 4.)  Yet, petitioner evidently

does not understand that an investigatory stop may be made based on a reasonable

suspicion that criminal activity may be afoot.  Terry v. Ohio, 392 U.S. 1, 30

(1968).  Similarly, the automobile exception to the Fourth Amendment's warrant

requirement allows authorities to search a motor vehicle without a warrant when

they have probable cause to believe that it contains evidence of a crime.  Carroll v.

United States, 267 U.S. 132 (1925).   In the instant case, we believe that, based on

the information from the confidential informant as well as law enforcement's

independent investigation and corroboration of the informant's information, law

enforcement had reasonable suspicion to conduct an investigatory stop of

petitioner's vehicle.  Once the evidence of petitioner's crimes was seen in plain

view on the passenger seat of petitioner's vehicle, law enforcement clearly had

probable cause to arrest petitioner and seize the evidence.  In fact, considering the amount of evidence that law enforcement had when the stop was made, law enforcement likely had probable cause to stop and search the vehicle under the automobile exception prior to seeing the evidence in plain view.  Therefore, we will reject petitioner's claim of ineffectiveness pertaining to the stop of the vehicle.

B.  Fourth Amendment Claim

Petitioner also argues separately that the stop of his car violated his Fourth Amendment right against improper search and seizure.  Although the merits of this claim are implicated by petitioner's ineffective assistance of counsel claim regarding the stop, we believe a claim that the stop itself violated the Fourth Amendment is not cognizable in a § 2254 petition.  Petitioner raised this argument on direct appeal to the Pennsylvania Superior Court and the Pennsylvania Supreme Court and elected not to file an appeal to the United States Supreme Court.  Where "the state has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Stone v. Powell, 428 U.S. 465, 494 (1976).  Therefore, we find that this claim is not cognizable on habeas review and will deny it as such.

**CONCLUSION:**

For the reasons we have discussed, we find that each of Ray's claims fail and will deny Ray's petition under § 2254.

<u>s/James F. McClure, Jr.</u>
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH RAY,                          :
                                     :
              Petitioner,            :
                                     :
      v.                             :          No. 4:CV-07-2265
                                     :
SUPERINTENDENT OF                    :          (Judge McClure)
SCI - HUNTINGDON, et al.,            :
                                     :
              Defendants.            :

**O R D E R**

June 26, 2008

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.    Petitioner Joseph Ray's motion under 28 U.S.C. § 2254 is DENIED.

      (Rec. Doc. No. 1.)

2.    The clerk is directed to close the case file.

3.    There is no basis for the issuance of a certificate of appealability.


                              s/James F. McClure, Jr.
                              JAMES F. McCLURE, JR.
                              United States District Judge